## BOLLING et al. v. ROGERS et al.

**Deed of Trust — Sale of Trust Property.**

Where a sale of trust property is necessary to pay the debts a trustee has the right to determine what description of property shall be sold, and it is not necessary that the deed should in express terms direct a sale to be made.

**Same — Trustee — Aid of the Chancellor.**

The trustee could, without the aid of the chancellor, pass title to the land to the purchaser.

**Conflicting Claims — Equity.**

A court of equity will not indulge claims of a wife for particular property or the proceeds thereof as her inheritance and at the same time for the interest and annual profits or proceeds of property in the hands of a trustee which belonged to her husband prior to the conveyance.

APPEAL FROM BOURBON CIRCUIT COURT.

February 21, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

A sale of a large portion of the trust property was absolutely necessary to pay the debts of W. S. Scott, and the trustee had the right to determine what description of property should be sold for that purpose. Nor was it necessary that. the deed should in express terms direct a sale to be made; whatever estate Scott had in the property passed by the deed to the trustee, and *they* by *their* deed could without the aid of the chancellor pass Scott's title to the land to the purchaser. *Section 24, chapter 80, 2 Rev. Stat. 230.*

From the copy of the judgment of Werther's heirs against W. S. Scott & Co. from the Harrison Circuit Court, and which was by consent of the parties used as evidence, it is manifest that the debt therein adjudged against W. S. Scott was a just, subsisting debt at the time of the execution of the deed of trust, and the property therein conveyed was bound for its payment, consequently the trustee was properly credited by the amount paid in satisfaction of said judgment.

It is alleged in Rogers' answer and cross-petition that by a judgment of the Bourbon Circuit Court of W. S. Scott's trustee against said Scott & Co. he was substituted as the trustee in place of Lindsey, that he consented to the sale of the land to Joseph

Scott, believing it to have been an advantageous sale, and asks the court to confirm it, or if not that a judgment for the sale of the land be rendered to reimburse him the amount he had paid of the debts of W. S. Scott.

Mrs. Bolling being an infant answered by her guardian *ad litem;* in that answer it is admitted that Rogers is the trustee. And in R. R. Bolling's answer the fact is expressly admitted, and a settlement of the accounts of Rogers as such is sought.

So much of the judgment of the court below, therefore, as approves the sale of the land to Joseph Scott is affirmed. We are of opinion that Mrs. Scott has never made any election to take under the deed of trust which can bind her in equity. Whether she was competent to make such election of herself we need not now decide; but in her answer to the cross-petition of Bolling and wife she does claim to be entitled to the ninety-eight acres of land or the proceeds thereof, which were her inheritance, and also claims the interest and annual profits or proceeds of the property in the hands of the trustee which prior to the conveyance belonged to her husband. These claims are repugnant to each other and cannot in a court of equity be indulged, as is well settled.

The court below, therefore, should have required Mrs. Scott upon privy examination to have elected either to take the annual profits on the price of the ninety-eight acres of land, her inheritance, after deducting therefrom the value of her husband's life estate therein to be ascertained by a commissioner, or to permit that interest to be treated as a part of the trust property. And if she elected to take the profits on the value of her interest in said ninety-eight acres of land after paying her the same, out of the profits of the remainder the trustee will be directed to pay over annually what may be necessary for the support of W. S. Scott, and the balance, if any, should be equally divided between Mr. Rogers and Mrs. Bolling.

The deed from C. Alexander and wife to Lindsay, trustee for Mrs. Scott and children, to the Paris property contains a provision that said property may be sold with the consent of Mrs. Scott in writing, and the proceeds reinvested; that provision was unauthorized, and the court below should by the intervention of a commissioner have the deed corrected, so as to invest the trustee with the title, to be held by him for the purposes of the trust as declared in the deed from W. S. Scott to J. N. Lindsay.

There is nothing in the record to show that the investment in

the purchase of the house and lot in Paris was injudicious or prejudicial to the interests of Mrs. Bolling.

It is not alleged in any of the pleadings, either by Bolling or others, that the first payment for the Paris property was not made with trust funds; in the answer of Scott and wife to Bolling's cross-petition they state that it was thought advisable to sell the land instead of the slaves, as the latter would be more productive and advantageous to all concerned, and the slaves were family slaves; "And it was believed best to invest a portion of the trust estate in the house and lot in Paris as a home for said Margaret Scott and her two daughters." If Scott advanced any part of the money out of his own funds it is singular that he did not, when answering this cross-petition of Bolling, state the fact; that answer was filed several years after the house and lot in Paris had been purchased, the first payment made, and when his attitude in the suit was antagonistic to that of Bolling. Moreover the property in Paris was conveyed to Lindsay, the trustee of Mrs. Scott and her two daughters, on the same day the notes were executed for the purchase money. W. S. Scott was doubtless present, for he executed his notes for each installment of the purchase price, and it recites that the consideration *arose* from the sale of the property, the title to which was invested in the trustee for the exclusive use of Mrs. M. Scott and her children, and it is scarcely probable that such a recital would have been inserted in the deed if W. S. Scott had paid or was expected to pay any part of the price out of his own private funds.

The whole amount of credits allowed the trustee by the master for specific payments to Mrs. Scott and excepted to by Bolling is a little over $1,400; and if it be conceded that the trustee could in no event apply to the support of W. S. Scott and wife any more than the annual profits of the trust estate, and Mrs. Scott would be accountable to the trustee for the amount paid her over the annual profits, she, as is admitted, advanced to Bolling $500 in money, and a *piano forte,* the value of which is not very certainly ascertained, but if it be fixed at $150 the two sums would make $650, nearly the one-half of the amount received by Mrs. Scott and nearly the whole that his wife would be entitled to at the death of her parents, and he would be responsible for the amount thus received to the trustee immediately, which would be of more value than his wife's interest.

By the obligation executed by C. C. Rogers and R. H. Lindsay

to Joseph Scott on May 26, 1857, it appears that said Scott then paid to Rogers $5,507.90. In his report the master has only charged Rogers with the sum of $5,179, making a difference of $328.90, and to that extent Bolling's exceptions to the master's report should have been sustained and Rogers and his surety been made responsible for said sum with interest from May 26, 1857, till paid, at the rate of 6 per cent. *per annum.*

For the two reasons herein stated the judgment is reversed and the cause remanded for a judgment and further proceedings consistent with this opinion.